**Lindbirgh LOCKHART, Plaintiff–Appellant,**

v.

**HOFSTRA UNIVERSITY, Defendant–Appellee.**

**No. 04–2290.**

United States Court of Appeals, Second Circuit.

Feb. 18, 2005.

Alan E. Wolin, Jericho, NY, for Appellant.

Jill L. Rosenberg (Aimee B. Florin, on the brief) New York, NY, for Appellee.

* The Honorable John R. Gibson, Judge of the United States Court of Appeals for the Eighth

Present: McLAUGHLIN, HALL, and GIBSON,* Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Lindbirgh Lockhart appeals from a March 29, 2004 judgment of the United States District Court for the Eastern District of New York (Arlene R. Lindsay, *Magistrate Judge*) granting summary judgment to defendant-appellee Hofstra University. On appeal, Lockhart argues that the district court erred when it concluded that Lockhart could not establish a *prima facie* case for discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e–17. Familiarity with the facts and proceedings below is assumed. We affirm.

■ We review a district court's grant of summary judgment *de novo. See Okemo Mountain, Inc. v. U.S. Sporting Clays Ass'n*, 376 F.3d 102, 104 (2d Cir. 2004). In an employment discrimination case, a plaintiff has the burden of showing at the outset that (1) he belongs to a racial minority; (2) he applied and was qualified for the job; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discriminatory intent. *See Sanders v. New York City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir.2004).

Lockhart failed to put forward facts that satisfy the third and fourth requirements of the *prima facie* case. An "adverse [em-

Circuit, sitting by designation.

ployment] action is one that affects the terms, privileges, duration or conditions of employment." *Yerdon v. Henry,* 91 F.3d 370, 378 (2d Cir.1996). The only employment statistics on Lockhart's overtime before the district court came from Hofstra. On a motion for summary judgment, a court ordinarily must construe all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 764 (2d Cir. 1998). Here, however, Hofstra offered evidence of Lockhart's overtime hours and that of his co-workers, and Lockhart offered no contrary evidence. Thus, it was proper for the district court to rely on Hofstra's figures. *Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir.1995) ("When the defendant moves for summary judgment on the ground that there is an absence of evidence to support this essential element, the plaintiff's burden of producing such evidence in opposition to the motion is *de minimis.* Nonetheless, the plaintiff cannot meet this burden through reliance on unsupported assertions.") (internal citations omitted). As Hofstra's figures make clear, Lockhart worked more overtime hours between 1998 and 2001 than did his co-workers, notably more than all but one of his white co-workers. Furthermore, Lockhart was offered certain emergency overtime opportunities and declined to accept them. Thus, he cannot establish that he has suffered an adverse employment action.

Lockhart also fails to allege facts that would support an inference of racially discriminatory intent. Lockhart is black, and he alleges that his superiors ignored a seniority-based overtime assignment list and instead favored Hispanic and white custodians in handing out overtime assignments. He alleges that this practice is discriminatory regardless of the actual hours worked. These opportunities, however, which Lockhart alleges were wrongly diverted to his Hispanic and white co-workers, were the very overtime opportunities for which he declined to be considered. Thus, the facts he alleges raise no inference of discriminatory intent.

We have carefully considered Lockhart's remaining arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**